# SUPREME COURT

### OF THE

# STATE OF NEW YORK.

---

## THIRD JUDICIAL DEPARTMENT.

### GENERAL TERM, MARCH, 1874.

---

PARSONS, executrix, etc., appellant, v. TILDEN *et al.*

*Contract for sale of lands — construction of.*

The vendee of lands agreed in addition to the stipulated price to pay the vendor, in case a certain railroad was constructed through the town where the lands were situated, a further specified sum "in one year from the time of the completion and operation of said road." *Held,* that the contract did not require that such railroad should be completed in the highest style of art known to engineering or complete in all its parts, but that it should be completed as a permanent structure, and to an extent to insure safety to passengers at ordinary railroad speed, and the safe delivery of merchandise, and should be operated for the specified time with regularity and with the usual appliances and conveniences of a well-conducted road; and a railroad where most of the bridges were on temporary foundations, the track, for long distances, on trestle-work, and in many places not graded or ballasted, the banks not sufficiently sloped to be safe, the cuts incomplete, the turn-outs not put in, the fences and cattle guards and signs at road-crossings not constructed, and the title to portions of the road-bed not acquired, was not completed within the terms of such contract.

APPEAL from a judgment dismissing the complaint, ordered in a trial before Mr. Justice INGALLS at the Columbia circuit, in April, 1872.

The action was brought by Louisa Parsons, executrix, under the will of Anson Parsons, deceased, to enforce an alleged equitable lien for purchase-money, on the sale of real estate, by the plaintiff's testator, to the defendants, Henry A. Tilden and Uri M. Hazard, and to compel specific performance of an agreement.

The agreement was for the sale of certain hotel property in the town of New Lebanon, Columbia county. It was dated February 22, 1866, and was under seal. The right of action was based on the fifth clause, which was as follows: "Fifth. The said Tilden and Hazard are to enter into an agreement with the said Parsons that in case the Lebanon Springs railroad is constructed and brought through the town, that they will pay him, in one year from the time of the completion and operation of said road, the further sum of two thousand and five hundred dollars, and in two years the further sum of two thousand and five hundred dollars."

In pursuance of the agreement the testator and wife conveyed the premises to Tilden and Hazard, who paid and secured payment to Parsons of the purchase-price according to the terms of the agreement, except as is alleged in the complaint, they omitted to perform, as they had covenanted and agreed in said fifth clause above set out.

Hazard conveyed his interest in the premises to Tilden; and the latter, on the 27th September, 1870, conveyed the property to the defendants, Daniel and John B. Gale. The conveyance to the Gales made no allusion to the agreement between Parsons, Tilden and Hazard; but they purchased and accepted their deed from Tilden, with knowledge of such agreement, and took from Tilden an indemnity against the same.

On the trial at the circuit, the plaintiff sought to show, that the Lebanon Springs railroad had been constructed and brought through the town," and that over one year before the commencement of the action had elapsed since its "completion and operation," within the true intent and meaning of said clause of the agreement set out. The action was commenced February 7, 1871.

On the proof, the court held that the plaintiff failed to show a breach of the agreement, as charged in the complaint, and directed judgment with costs.

From this judgment the plaintiff appealed to the general term Further facts appear in the opinion.

*George W. Miller*, for appellant.

· *H. W. McClellan* and *R. E. Andrews*, for respondents Tilden & Hazard.

*Brown & Sheldon*, for respondent Daniel Gale.

BOCKES, J.   The learned judge held that the Lebanon Springs railroad had not been brought through the town, completed, and in operation, for one year prior to the commencement of the action, within the provision of the clause of the agreement on which the action was based.   ·

He put this conclusion on his construction of the evidence, showing the imperfection in the road, in respect to bridges, culverts, grades, depots, fences, slopes, cattle guards, and its insecurity.   The action was in equity, and, although a jury was impaneled, the judgment and conscience of the court were to be satisfied upon the facts charged as ground of action; and it now becomes the duty of the court, on the appeal, to re-examine the case on the proof, in order to determine the correctness of the conclusion of the court below upon general principles of equity and justice.   Before a recovery could be had, the plaintiff was bound to establish, by satisfactory evidence, that the road had been completed and in operation for one year.   By the contract, the defendants, Tilden and Hazard, had *"one year from the time of the completion and operation of said road"* in which to pay the first installment, specified in the agreement, of two thousand five hundred dollars.

·   The question here presented is, had that period elapsed prior to the commencement of the action?   Had the road for and during that time been completed and in operation?   The contract should have a fair and reasonable construction, taking into consideration the subject of it, the object to be attained, and the influences which induced the parties to enter into it.   I concur with the plaintiff's counsel that the parties did not contemplate, nor in my judgment does the contract contemplate, a completion of the road in the highest style of art known to engineering, and that it should be operated in that perfect condition, for one year, before the money could be claimed.   A single imperfect slope of an embankment, or an unfinished excavation, or the absence of one or many cattle guards, or signs at road crossings; or of perfectly finished bridges, or culverts, depots, or fences, not affecting safety, convenience or

regularity in operating the road, would not probably excuse non-payment. On the other hand, the contract obviously required that the road should be completed as a permanent structure, and to an extent, at least, to insure safety to passengers under ordinary railroad speed, and the safe and speedy delivery of goods and property received for transportation ; and in that condition, having been operated, for the specified time, with regularity and with the usual appliances and conveniences of a well-conducted road, doubtless payment of the money could be demanded. These are, as I conceive, the reasonable and just rules of construction as applicable to the contract under consideration.

Tested then, by these rules, was the road completed and in operation for the year prior to the commencement of the action ? After a careful examination of the evidence I am clearly of the opinion that the road was not for that time complete and in operation, within the true intent and meaning of the contract between the parties. It remained emphatically in an unfinished condition. It was, in every reasonable intendment, incomplete. The bridges, perhaps the most important part of the structure, were upon temporary wooden foundations ; the stone was under few of them ; the rails were for long distances on trestle-work ; the track was in many places not graded and ballasted ; the banks were not sufficiently sloped, in many localities, to avoid danger ; the cuts were incomplete. One witness testified that they did not run through a cut of any size without having a man there on watch. The turn-outs were not put in. These defects, to say nothing of the absence of fences, and of signs at road crossings, and the want of title to portions of the road-bed, are abundant to show the structure incomplete. The road was manifestly unfinished, and to an extent, too, rendering it unsafe for the transportation of persons and property.

It follows that the plaintiff failed to establish a cause of action, and the learned judge was right in directing judgment for the dismissal of the complaint.

This conclusion renders an examination of the question, as regards the vendor's lien, unnecessary.

MILLER, P. J., and BOARDMAN, J., concurred.

*Judgment affirmed.*